UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61030-RAR

**LAQUINTA-WALLACE;**
**HYPPOLITE: BNF**,

        Plaintiff,

v.

**BRENDA D. FORMAN**, *et al.*,

        Defendants.
_____/

**ORDER GRANTING MOTIONS TO DISMISS AND MOTION TO QUASH**

**THIS CAUSE** comes before the Court upon Defendant Brenda D. Forman's Motion to Quash Process and Service of Process or in the Alternative to Dismiss Verified Complaint, [ECF No. 7], and Defendant Erik Mathers' Motion to Dismiss, [ECF No. 8] ("Motions"). Plaintiff's Responses were initially due on or before July 6, 2023 and July 10, 2023 respectively. S.D. FLA. L.R. 7.1(c)(1). Failure to respond to a motion can be sufficient cause to grant it by default. *Id.* The Court *sua sponte* extended Plaintiff's response deadlines to July 28, 2023. Order to Perfect Service and Requiring Resps., [ECF No. 15], at 1. The Court warned Plaintiff that failure to file a response in opposition to the Motions would result in the Motions being granted by default. *Id.* Plaintiff never filed responses.

Accordingly, the Motions, [ECF Nos. 7, 8], are **GRANTED** by default. Specifically, the Court grants the Motions to the extent they seek dismissal of the Complaint because it is a shotgun pleading.[1] The Eleventh Circuit has routinely condemned "shotgun pleadings" because they are a "waste [of] scarce judicial resources." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295

---

[1] Except as otherwise discussed, the Court does not reach any other argument in the Motions at this time.

(11th Cir. 2018). There are four types or categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The first type are pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Second are pleadings that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third category encompasses pleadings that do "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. And fourth are pleadings that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Here, the Court agrees the Complaint falls within the second category of shotgun pleadings. To begin, every other page of the Complaint is almost entirely blank and only contains a Biblical passage that states "[t]o him therefore that knoweth to do good, and doeth it not, to him it is sin," which does not appear material to any of Plaintiff's claims. Complaint, [ECF No. 1], at 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24. Several allegations reference documents Plaintiff either mailed or received without describing the contents of the documents—other than the title—or their specific relation to this matter. Compl. at 7, 9, 11. For example, one paragraph alleges that "[t]he record reflects Plaintiff, [sic] mailed a Notice of Subrogation, [sic] and tendered a special deposit to Brenda on May 4, 2023." Compl. at 9. Plaintiff seemingly never follows up on this statement. Without more, these allegations fail to put Defendants on notice of the allegations against them.

Next, Plaintiff includes a section titled "State statutory definitions Misapplied to Plaintiff." Compl. at 11–15. It is unclear how some of these definitions relate to this matter because Plaintiff defines "[d]river license" and "private use" without explaining how these definitions were misapplied to her. She also includes the vague allegation that "[t]he power to create a presumption

is not a means of escaping constitutional restrictions." Compl. at 15. Plaintiff does not elaborate on what this "presumption" is, and quite frankly, the Court cannot discern what she is alleging here. Again, these allegations do not include enough detail to put Defendants on notice of how they purportedly acted unlawfully.

Finally, Plaintiff has taken federal question jurisdiction literally—she uses one and a half pages to list five "Federal Questions" that she asks the Court to answer. Compl. at 15, 17. But several of these are questions about the Constitution and our federal system that only generally relate to this action. *Id.* As one example, her first question asks: "When a political subdivision, the County of Broward, created under or by an act of the Florida Legislature, the Florida State Constitution works in conjunction with its agents of its municipal corporation and attorneys to deprive constitutionally secured substantive rights of Laquinta, does Laquinta lose her rights?" Compl. at 15. Other than the fifth "Federal Question[]," her remaining questions are equally broad and vague, and she does not connect them to specific actions the Defendants have taken. The Court also fails to see how these "federal questions" can possibly relate to her cause of action for identity theft. *Id.* In sum, the Complaint, as a whole, is a shotgun pleading that must be amended.

The Court also agrees with Defendant Forman that process and service must be quashed as to her. Federal Rule of Civil Procedure 4 requires that a summons be signed by the clerk and bear the court's seal. FED. R. CIV. P. 4(a)(1)(F), (G). Defendant Forman has produced the summons served on her, which does not comply with either of these requirements. *See* [ECF No. 7-1]. In fact, a review of the docket reflects that Defendant Forman's Motion was filed before the Clerk issued the summons in this action. *See generally* Dkt. As Defendant Forman correctly notes, courts favor quashing insufficient service and allowing the plaintiff a chance to perfect service when doing so would not prejudice the defendant. *See Smith v. Conner*, No. 8:12–CV–52–T–30AEP, 2013 WL 268685, at *2 (M.D. Fla. Jan. 24, 2013) ("When there is no prejudice and service

can be accomplished, courts generally will quash the insufficient service and allow the plaintiff to perfect service." (alteration accepted) (citation omitted)). Therefore, the Court will allow Plaintiff an opportunity to perfect service on Defendant Forman. *See also Martinez v. Deutsche Bank Nat'l Trust Co.*, No. 5:11–cv–580–Oc–10TBS, 2012 WL 162360, at *3 (M.D. Fla. Jan. 19, 2012) (granting motion to dismiss for lack of sufficient process where the summons was not signed by the clerk nor contained the court's seal).

Finally, though not raised by the parties, the Court notes that while it likely has supplemental jurisdiction over Plaintiff's identity theft and abuse of process claims, Plaintiff indicates the Court also has diversity jurisdiction. Compl. at 1, 21–23; *see also* Civil Cover Sheet, [ECF No. 1-1] (indicating diversity jurisdiction). Plaintiff has not alleged her citizenship other than stating she "has no minimum contact with the State of Florida." Compl. at 1. Given that Plaintiff has only provided a Florida mailing address, however, she seems to be a resident of Florida and has not alleged she is a citizen of any other state. Indeed, while she marks that she is a "Citizen or Subject of a Foreign Country" on her civil cover sheet, she claims she is a "Private American." *See* [ECF No. 1-1]. On the same civil cover sheet, she indicates Defendants are citizens of Florida. *Id.* Therefore, it does not appear that diversity jurisdiction independently exists over Plaintiff's two state law claims, but the Court will allow Plaintiff to amend her Complaint to clarify the basis for this Court's jurisdiction. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** as a shotgun pleading. Plaintiff is granted leave to file an amended complaint.

2. On or before **August 9, 2023**, the amended complaint must be docketed and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

      3.      The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above so that it will be filed in this case.

      4.      The amended complaint must contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued.

      5.      Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

      6.      Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

      7.      Process as to Defendant Brenda D. Forman is **QUASHED**. Plaintiff must perfect service upon Defendant Forman on or before **August 30, 2023**, or this case will be dismissed as to her for failure to perfect service. *See* FED. R. CIV. P. 4(m) (stating service must be perfected within ninety days of the filing of the complaint).

      8.      The Clerk's Office is **INSTRUCTED** to administratively close this case pending (1) Plaintiff filing an amended complaint; and (2) Plaintiff perfecting service on Defendants Forman and Diaz. Plaintiff is, in addition, warned that failure to file her amended complaint on time and in compliance with this Order shall result in this case remaining closed and this case being dismissed.

      **DONE AND ORDERED** in Miami, Florida, this 31st day of July, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**